

# Fourth Court of Appeals
## San Antonio, Texas

January 31, 2019

No. 04-18-00218-CV

**Ex Parte Jake Alexander Garcia,**

From the 408th Judicial District Court, Bexar County, Texas
Trial Court No. 2017CI21969
Honorable Angelica Jimenez, Judge Presiding

# O R D E R

Sitting:    Sandee Bryan Marion, Chief Justice
Rebeca C. Martinez, Justice
Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice
Irene Rios, Justice
Beth Watkins, Justice
Liza A. Rodriguez, Justice

On April 5, 2018, appellant filed his notice of appeal stating his intent to appeal from the trial court's order denying his petition for expunction. After multiple extensions, appellant filed his appellant's brief on September 14, 2018. On October 29, 2018, the Bexar County District Attorney's Office ("BCDA")[1] filed a motion to dismiss the appeal, explaining that appellant had failed to serve his notice of appeal and, later, his appellant's brief on the correct division of BCDA. Further, according to BCDA, appellant had failed to comply with Texas Rules of Appellate Procedure 9.5 and 25.1(e), because he had not served the Texas Department of Public Safety ("TDPS"), a party to the underlying proceeding, with his notice of appeal or his appellant's brief. *See* TEX. R. APP. P. 9.5, 25.1(e).

On November 5, 2018, a panel consisting of Justice Karen Angelini, Justice Marialyn Barnard, and Justice Rebeca C. Martinez denied BCDA's motion to dismiss this appeal; however, the panel ordered appellant to file written proof in this Court on or before November 15, 2018 that he had complied with Rules 9.5 and 25.1(e) by serving his notice of appeal and his appellant's brief on all parties to this proceeding. The panel informed appellant that failure to comply with the order would result in dismissal of his appeal. *See* TEX. R. APP. P. 42.3(c). When

---

[1] BCDA represents the Bexar County Respondents, including the Sheriff's Office, the County Clerk's Office, the District Clerk's Office, and the District Attorney's Office.

appellant did not file a response to the order, on December 12, 2018, this appeal was dismissed for failure to comply with an order of this Court.

On December 27, 2018, appellant filed a motion for rehearing and a motion for rehearing en banc. In appellant's motion for rehearing en banc, appellant's attorney, Suzanne Karmer, asserted illness, computer issues and mistake as reasons for her failure to comply with this Court's November 5, 2018 order. To the motion for en banc reconsideration, appellant attached a partial USPS receipt dated December 26, 2018, which reflects the purchase of postage stamps and postage for an item mailed to "Legal Staff—Expunctions TXDPS." Appellant does not show how counsel complied with this Court's November 5, 2018 order, other than to say that her mistake "has since been rectified."

On January 15, 2018, appellant's panel motion for rehearing was denied. *See* Tex. R. App. P. 49.3. Both TDPS and BCDA have filed responses to appellant's motion for rehearing en banc, arguing the standard for granting en banc reconsideration has not been met. We agree.

Texas Rule of Appellate Procedure 41.2(c) provides that "[e]n banc consideration of a case is not favored and should not be ordered unless necessary to secure or maintain uniformity of the court's decisions or *unless extraordinary circumstances require en banc consideration.*" Tex. R. App. P. 41.2(c) (emphasis added). We DENY appellant's motion for rehearing en banc. However, on our own initiative and because extraordinary circumstances exist, we GRANT reconsideration en banc, VACATE our opinion and judgment of December 12, 2018, and REINSTATE this appeal on the docket of this Court.

Appellees' briefs are due on or before **March 4, 2019**.

We ORDER Suzanne Kramer to comply with our November 5, 2018 order and file written proof in this Court on or before **February 15, 2019** that she has complied with the service requirements of Texas Rules of Appellate Procedure 9.5 and 25.1(e). If Ms. Kramer fails to respond by the date ordered, she may be ordered to appear and show cause why she should not be held in civil or criminal contempt of this Court or otherwise sanctioned.

We further DIRECT the Clerk of this Court to serve this order on Ms. Kramer by electronic mail, by certified mail return receipt requested, and by first-class United States mail.

_____
Rebeca C. Martinez, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 31st day of January, 2019.

_____
KEITH E. HOTTLE,
Clerk of Court